**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson (SBN 366552)
bjohnson@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO QUEZADA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HUNTINGTON BEACH; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 8:26-cv-02129 <br><br> **COMPLAINT FOR DAMAGES** <br><br> Federal Law Claims <br> 1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983) <br> 2. Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983) <br> 3. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983) <br> 4. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983) <br> 5. Municipal Liability, Failure to Train (42 U.S.C. § 1983) <br> 6. Municipal Liability, Ratification (42 U.S.C. § 1983) <br> State Law Claims <br> 7. Battery <br> 8. Negligence <br> 9. Violation of Bane Act (Cal. Civil Code §52.1) <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff MARCO ANTONIO QUEZADA, for his Complaint against Defendants CITY OF HUNTINGTON BEACH and DOES 1 through 10, inclusive, and each of them (collectively, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and, on information and belief, all Defendants reside in this district.

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the use of deadly force and detention of Plaintiff MARCO ANTONIO QUEZADA on July 31, 2025.

4. Plaintiff alleges that his injuries are a result of the unlawful detention and use of excessive force by Defendants DOES 1-10, of Defendants' failure to provide reasonable medical care to him despite his serious medical condition after being shot by Defendant Officers, and of Defendants' deliberate indifference to his Constitutional rights.

## PARTIES

5. At all relevant times, Plaintiff MARCO ANTONIO QUEZADA was an individual residing in the City of Huntington Beach, California. MARCO ANTONIO

QUEZADA seeks both compensatory and punitive damages under federal and state law.

6.    At all relevant times, Defendant CITY OF HUNTINGTON BEACH ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Huntington Beach Police Department ("HBPD") and its agents and employees. At all relevant times, CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of some or all of DOES 1-10.

7.    Defendants DOES 1-8 are police officers for the CITY's police department ("DOE OFFICERS"). At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as police officers for the CITY, and were acting with the complete authority and ratification of their principal, Defendant CITY.

8.    Defendants DOES 9-10 are managerial, supervisorial, or policymaking employees of the Defendant CITY who were acting under color of law within the course and scope of their duties as supervisorial officials for the HBPD. Defendant DOES 9-10 were acting with the complete authority of their principal, Defendant CITY.

9.    On information and belief, DOES 1-10 were residents of the City of Huntington Beach at all relevant times.

10.    The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sue these Defendants by such fictitious names. Plaintiff will seek leave to amend this compliant to show the true names and capacities of these

COMPLAINT FOR DAMAGES

Defendants when they have been ascertained. On information and belief, each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

11.    Pursuant to Cal. Govt. Code § 815.2(a), Defendant CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendants DOES 1-10 as alleged by Plaintiff's state law claims. Defendants DOES 1-10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code § 815.6.

12.    Defendants DOES 1-10 are sued in their individual capacities. Defendant CITY is being sued for direct liability under *Monell* and vicarious liability under Plaintiff's state law claims.

13.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

14.    All of the acts complained of herein by Plaintiff against Defendants, including DOES 1-10, were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

16.    On or about July 31, 2025, HBPD officers responded to a call for service in the 18000 block of Mora Kai in the City of Huntington Beach. Upon arrival, they contacted Plaintiff outside of his residence. Upon information and belief, the Defendant Officers knew or should have known that Plaintiff was experiencing a mental health crisis.

COMPLAINT FOR DAMAGES

17. Without giving proper commands, instructions, or warnings, HBPD officers discharged their firearms, striking Plaintiff approximately five to six times.

18. At the time Defendant Officers used deadly force, Plaintiff did not pose an imminent threat of death or serious bodily injury to the officers or any other person. Plaintiff was unarmed and did not verbally threaten the officers or any other person.

19. The Defendant Officers failed to provide a verbal warning indicating that deadly force would be used, even though it was feasible to do so, and did not afford Mr. Quezada an opportunity to heed any such warning.

20. At no time during the encounter did Plaintiff verbally threaten to harm anyone.

21. On information and belief, the Defendant Officers did not employ tactics to de-escalate the situation, failed to give Plaintiff time and space to understand and accept the presence of the officers, failed to approach and speak to Plaintiff in a non-threatening manner, failed to consider whether Plaintiff was able to understand them, and failed to give Plaintiff the opportunity to consent to and cooperate with the instructions of the officers in a manner he could understand.

22. Following the shooting, the involved officers neglected to properly summon medical attention for, or provide medical aid to, Plaintiff.

23. As a direct and proximate result of the shooting and the subsequent failure to provide timely medical care, Plaintiff suffered severe physical and mental pain and suffering, including a shattered pelvis and loss of nerve sensation from his hip to his knee.

24. On or around January 26, 2026, Plaintiff filed comprehensive and timely claims for damages with the City of Huntington Beach pursuant to the applicable sections of the California Government Code. Said claims were rejected by the City of Huntington Beach on February 9, 2026.

COMPLAINT FOR DAMAGES

# FIRST CLAIM FOR RELIEF

## Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

(Plaintiff against Defendants DOES 1-10)

25. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

26. The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by law enforcement officers.

27. Defendant Officers failed to employ de-escalation tactics, gave conflicting and simultaneous commands, and did not provide a verbal warning for the use of lethal force when it was feasible to do so.

28. The Defendant Officers used excessive force against Plaintiff by shooting him with lethal rounds multiple times, despite the fact that Plaintiff was not an immediate threat of death or serious bodily injury. On information and belief, no verbal warning of deadly force was given, nor was Plaintiff given an opportunity to heed such a warning. This unjustified and unreasonable use of deadly force violated Plaintiff's Fourth Amendment rights.

29. The use of force was excessive and unreasonable, given that Plaintiff posed no immediate threat and never verbally threatened anyone.

30. No serious crime was being responded to, and the Defendant Officers knew or should have known that Plaintiff was experiencing a mental health crisis.

31. As a direct result of the Defendant Officers' actions, Plaintiff experienced severe physical and psychological pain and continues to suffer physical and psychological pain to this day.

32. DOES 1-8 are directly liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force and/or because they failed to intervene to prevent the use of excessive force. DOES 9-10 are liable for exhibiting a

COMPLAINT FOR DAMAGES

deliberate indifference to the known propensity of DOES 1-8 to use excessive force. DOES 9-10 failed to take appropriate supervisory action or implement effective preventative measures. Their failure to properly supervise, train, or discipline DOES 1-8 directly and proximately caused the violation of Plaintiff's constitutional rights during the incident in question.

33.     As a result of their violation of Plaintiff's Fourth Amendment rights, these Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for physical and mental pain and suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

34.     The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

35.     Plaintiff also seeks costs and statutory attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiff against Defendants DOES 1-10)

36.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37.     When Defendant Officers intentionally shot Plaintiff with lethal force, Plaintiff was not free to leave and was seized.

38.     At that time, Defendant Officers did not have reasonable suspicion or probable cause to believe that Plaintiff had committed a crime. Defendant Officers then put handcuffs on Plaintiff, continuing to seize Plaintiff and effectuating Plaintiff's *de facto* arrest.

39.     Prior to seizing Plaintiff, Defendant Officers did not observe Plaintiff commit any crime. In addition to the detention itself being unreasonable, the scope

and manner of the detention was also unreasonable in that Defendant Officers used more force than reasonably appeared necessary to effectuate Plaintiff's detention and arrest, including through the unreasonable use of deadly force.

40.    When Defendant Officers engaged in the foregoing conduct, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.    The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these individual Defendants.

42.    At all relevant times, DOE OFFICERS were acting under color of state law.

43.    As a result of this misconduct, DOES 1-10 are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

44.    As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress and injury.

45.    As a result of their violation of Plaintiff's Fourth Amendment rights, these Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for physical and mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

46.    The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

47.    Plaintiff also seeks costs and statutory attorney's fees under this claim.

COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

### Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)

(Plaintiff against Defendants DOES 1-10)

48.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.     The denial of medical care by Defendants DOE OFFICERS deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.     On information and belief, DOE OFFICERS knew, or reasonably should have known, that failure to provide timely medical treatment to Plaintiff could result in further significant injury, the unnecessary and wanton infliction of pain, and/or death, but disregarded that serious medical need, exacerbating Plaintiff's injuries and pain.

51.     On information and belief, after intentionally shooting Plaintiff with lethal rounds, DOE OFFICERS did not summon or provide timely medical attention for Plaintiff, who they knew had just been shot and had obvious injuries, and DOE OFFICERS did not allow, and rather prevented, responding medical personnel on-scene to timely render medical aid and assistance to Plaintiff.

52.     As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

53.     As a result of their violation of Plaintiff's Fourth Amendment rights, these Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

54.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

55.     Plaintiff also seeks costs and statutory attorney's fees under this claim.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Plaintiff against Defendants CITY and DOES 9-10)

56.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if full set forth herein.

57.     On information and belief, Defendants CITY and DOES 9-10 made a formal decision that the shooting of Plaintiff was found to be "within policy" of the CITY's Police Department protocols, notwithstanding that Plaintiff was not an imminent threat to the Defendant Officers or any other person when he was shot by DOE OFFICERS. This manifests a deliberate indifference to the civil rights of the residents of the CITY.

58.     On information and belief, Defendants CITY and DOES 9-10 ratified, acquiesced, and condoned the shooting of Plaintiff by DOE OFFICERS.

59.     On information and belief, DOE OFFICERS were not disciplined, and were not given additional training, after the shooting of Plaintiff, which evidences ratification and acquiescence in the shooting of Plaintiff by DOE OFFICERS.

60.     On and for some time prior to July 30, 2025, and continuing to the present date, Defendants CITY and DOES 9-10 deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments of the United States constitution because said Defendants and its supervising and managerial employees acted with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in

his class, situation and comparable position in particularly, knowingly maintained, enforced, and applied an official custom, policy, and practice of:

a. Employing and retaining police officers and other personnel, including DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities of abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies.

b. Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits.

c. Failing to adequately train officers including DOE OFFICERS, and failing to institute appropriate policies regarding the use of excessive force, including deadly force;

d. Having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which is also demonstrated by inadequate training regarding these subjects;

e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, and disciplining the intentional misconduct of Defendant CITY police officers, such as DOE OFFICERS;

f. Failing to discipline CITY police officers, such as DOE OFFICERS, for conduct such as unlawful detention and excessive use of deadly force;

COMPLAINT FOR DAMAGES

g. Ratifying the misconduct of Defendant CITY police officers, such as DOE OFFICERS, for conduct such as excessive use of deadly force; and

h. Failing to properly investigate incidents of excessive use of deadly force by Defendant CITY police officers, such as DOE OFFICERS.

61.   On information and belief, it is the policy, custom, and practice of Defendant CITY to not objectively investigate complaints of previous incidents of wrongful shootings, excessive use of deadly force, and illegal arrests, and to instead officially claim that such incidents are justified and proper.

62.   The policies, customs, and practices of Defendant CITY do in fact encourage CITY police officers such as DOE OFFICERS to believe that wrongful shootings, excessive use of deadly force against residents, and illegal arrests are permissible and will be permitted by Defendant CITY. DOE OFFICERS were aware of the policies, customs, and practices of Defendants CITY and DOE OFFICERS used excessive deadly force against Plaintiff. These policies and customs of the CITY are the driving force that caused DOE OFFICERS to shoot Plaintiff.

63.   Other systemic deficiencies, policies, customs, and practices which indicated, and continue to indicate, a deliberate indifference to the violations of civil rights by the CITY police officers, such as DOE OFFICERS, that Defendants CITY and DOES 9-10 were aware of, and have condoned and ratified include:

a. Preparation of investigative reports designed to vindicate the use of excessive deadly force, regardless of whether such force was justified;

b. Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the excessive use of force incidents and which systematically fail to credit testimony by non-police witnesses;

12

COMPLAINT FOR DAMAGES

c.  Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of the excessive use of force;

d.  Failure to objectively and independently review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence of the excessive use of deadly force, or which contradict such evidence.

64.  By reason of the aforementioned acts and omissions, Plaintiff has suffered mental and physical pain and suffering.

65.  Defendants CITY and DOES 9-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient polices, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, CITY and DOES 9-10 condoned, tolerated, and through their actions and inactions thereby ratified such policies. CITY and DOES 9-10 also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

66.  By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 9-10 acted with an intentional, reckless, and callous disregard for the constitutional rights and the life of Plaintiff.

67.  Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by Defendant CITY and DOES 9-10 were affirmatively linked to and were significantly influential forces behind Plaintiff's injuries.

68.  Accordingly, Defendants CITY and DOES 9-10 are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

COMPLAINT FOR DAMAGES

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Plaintiff against Defendant CITY and DOES 9-10)

69.　Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

70.　At all times herein mentioned, DEFENDANT OFFICERS acted under color of law. The acts of said Defendants deprived Plaintiff of his particular rights under the United States Constitution.

71.　The training policies of Defendant CITY were not adequate to properly train HBPD officers to handle the usual and recurring situations in their interactions with residents, including responding to calls and interacting with people who display symptoms of mental illness. The training policies of Defendant CITY were not adequate to properly train HBPD officers with regard to the use of lethal force, the permissible use of deadly weapons, and protecting the rights of persons to medical care in the course of detaining individuals.

72.　Defendants CITY and DOES 9-10 were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

73.　The unjustified and excessive use of force against Plaintiff by DOE OFFICERS was a result of the negligent training by Defendant CITY who failed to train HBPD officers, such as DOE OFFICERS, as to proper police tactics, proper use of force—including proper use of lethal force—and proper police tactics in the use of force. Defendant CITY and DOES 9-10 were responsible for the training of HBPD officers to ensure that the actions, procedures, and practices of DOE OFFICERS complied with Peace Officers Standards and Training ("POST") training standards regarding proper police tactics, and proper use of force.

74.　Defendants CITY and DOES 9-10 negligently failed to train CITY police officers, such as DOE OFFICERS, to comply with POST training standards

COMPLAINT FOR DAMAGES

regarding proper police tactics, proper use of force, proper use of deadly force, and proper police tactics when dealing with individuals suffering from a mental health crisis. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with residents and pretrial detainees that DOE OFFICERS have contact with.

75. The training policies of Defendant CITY were deficient in the following:

a. Defendant CITY failed to adequately train Huntington Beach Police Department officers, such as DOE OFFICERS, in de-escalating interactions with the public. Instead of de-escalation, DOE OFFICERS escalated their interactions with Plaintiff, who was experiencing a mental health crisis.

b. Defendant CITY failed to properly train Huntington Beach Police Department officers, like DOE OFFICERS, to manage their fear to prevent it from becoming unreasonable and not objectively justifiable. The lack of training led to the use of deadly force by DOES 1-10, causing injury to members of the public, such as Plaintiff.

c. Defendant CITY failed to properly train CITY police officers, such as DOE OFFICERS, in proper police tactics, such as situational awareness, to prevent the use of negligent tactics, which is what DOE OFFICERS did in this case. Because of this lack of proper training by Defendant CITY, DOE OFFICERS did not use proper police tactics in handling their contact and interaction with Plaintiff, and DOE OFFICERS used defective police tactics, including the lack of situational awareness. These

training failures by Defendant CITY, and defective tactics by DOE OFFICERS resulted in Plaintiff's injuries.

d. Defendant CITY failed to properly train police officers, such as DOE OFFICERS, on the importance of effective communication between officers prior to using any type of force. Because of the lack of proper training by CITY, DOE OFFICERS did not use effective communication prior to and during the use of force against Plaintiff. This ineffective communication by DOE OFFICERS, prior to and during the incident, resulted in Plaintiff's physical, mental, and constitutional injuries.

76. The failure of Defendant CITY and DOES 9-10 to provide proper training to its police officers resulted in the deprivation of Plaintiff's rights by DOE OFFIERS. Defendant CITY and DOES 9-10's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury to Plaintiff.

77. Accordingly, Defendants CITY and DOES 9-10 are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorneys' fees, costs, and interest pursuant to 28 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Plaintiff against Defendants CITY and DOES 9-10)

78. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. DOE OFFICERS acted under color of law.

80. The acts of Defendants DOE OFFICERS deprived Plaintiff of his particular rights under the United States Constitution.

16

COMPLAINT FOR DAMAGES

81. On information and belief, final policymakers, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS ratified DOE OFFICERS' acts and the bases for them. The final policymaker knew of and specifically approved of DOE OFFICERS' acts.

82. On information and belief, a final policymaker has determined that the acts of DOE OFFICERS were "within policy."

83. Accordingly, Defendants CITY and DOES 9-10 are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorney's fees, costs, and interest pursuant to 28 U.S.C. § 1988.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Plaintiff against all Defendants)

84. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85. Defendants DOE OFFICERS, while working as police officers for the CITY, and acting within the course and scope of their duties, intentionally shot Plaintiff with lethal force. DOE OFFICERS had no legal justification for using force against Plaintiff and said use of force while carrying out their official duties was unreasonable, especially since Plaintiff was not committing a crime or resisting arrest, and did not pose an imminent threat of death or serious bodily injury to DOE OFFICERS or anyone else. The use of force was also unreasonable because there were less intrusive options readily available. As a result of the actions of DOE OFFICERS, Plaintiff suffered severe mental and physical pain and suffering.

86. Police officers may only use deadly force when a threat of death or serious bodily injury is imminent. A threat is imminent when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a

person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.

87. At all relevant times, Plaintiff did not have the present ability, opportunity, or apparent intent to immediately cause death or serious bodily injury to the Defendant Officers or any other person. Accordingly, Plaintiff did not pose an imminent threat of death or serious bodily injury to anyone, including the Defendant Officers.

88. Defendant Officers failed to give adequate warnings, and failed to allow Plaintiff time to understand their warnings, before using lethal force.

89. Defendant CITY is vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

91. The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

### EIGHTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Plaintiff against all Defendants)

92. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

93. Defendants DOE OFFICERS acted within the course and scope of their employment as officers for Defendant CITY and the HBPD, and acted under color of state law.

94.     Police officers, including Defendants DOE OFFICERS, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, using de-escalation techniques, and only using force as a last resort, especially when dealing with individuals in a mental health crisis. Defendants DOE OFFICERS also have a responsibility to provide timely medical care to individuals they have harmed.

95.     Defendants DOE OFFICERS negligently caused physical injury to Plaintiff when they, without any tactical plan, shot Plaintiff while he was not an imminent threat of death or serious bodily injury to the Defendant Officers or any other person, and without giving Plaintiff adequate warning or time to understand and appreciate a warning before the use of deadly force. Their use of force was excessive, unreasonable, and negligent, including negligent pre-shooting conduct and post-shooting failure to provide medical care.

96.     Defendants DOE OFFICERS breached their duty of care. Their actions were negligent and reckless, including but not limited to: (a) using lethal force while Plaintiff was not a threat to any person, including DOE OFFICERS; (b) contributing to Plaintiff's disorientation by shouting conflicting and inadequate commands; (c) using lethal force without warning; and (d) failing to provide or summon timely medical care after the shooting.

97.     At all relevant times, Plaintiff was not an immediate threat of death or serious bodily injury to anyone and was not given an adequate warning that lethal force would be used.

98.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered extreme mental and physical pain and suffering, and loss of earning capacity.

99.     CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public

entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.   Accordingly, Defendants are liable to Plaintiff for compensatory damages.

## NINTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Plaintiff against all Defendants)

101.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

102.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force).

103.   Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state has been interfered with, within the meaning of Section 52.1, may institute and prosecute in his or her name and on his or her own behalf a civil action for damages and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights at issue.

104.   The Bane Act, the California Constitution and California common law prohibit unlawful detention and arrest and the use of excessive force by law enforcement. The Bane Act authorizes a private right of action and permits survival actions for such claims.

105.   Defendants DOE OFFICERS violated Plaintiff's constitutional, statutory, and common law rights by unlawfully detaining him and using excessive force, where these Defendants' acts were done intentionally and with a reckless disregard for Plaintiff's rights and his life.

106.   Defendants DOE OFFICERS' use of force was excessive and unreasonable under the circumstances. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the United States and California constitutions and other California law. The conduct of Defendant DOES 1-10 was a substantial factor in causing the harm, injuries, and damages to Plaintiff.

107.   Defendants DOE OFFICERS intentionally violated Plaintiff's constitutional rights by using excessive lethal force against him. Further, these intentional acts by DOE OFFICERS show that they acted with a reckless disregard for Plaintiff's constitutional rights, thereby demonstrating their intent to violate those rights.

108.   At the time DOE OFFICERS intentionally shot Plaintiff, Plaintiff was not committing a crime or resisting arrest, and did not pose a threat of death or serious bodily injury and Plaintiff had not verbally threatened anyone. There is direct and circumstantial evidence that DOE OFFICERS intentionally violated Plaintiff's rights by intentionally shooting him, unlawfully detaining him, and unlawfully arresting him.

109.   Defendants DOES 1-10, while working as police officers for the CITY, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

110.   Plaintiff was caused to suffer extreme mental and physical pain and suffering.

111.   The conduct of DOES 1-10 was a substantial factor in causing the harm, losses, injuries and damages of Plaintiff.

COMPLAINT FOR DAMAGES

112. Defendant CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

113. As a result of their violation of Plaintiff's rights, Defendants are liable to Plaintiff for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

114. The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as against these Defendants.

115. Plaintiff also seeks costs, treble damages, and statutory attorney fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MARCO ANTONIO QUEZADA requests entry of judgment in his favor and against Defendants CITY OF HUNTINGTON BEACH, DOES 1-10, inclusive, as follows:

    A.    For compensatory damages in an amount to be proven at trial;

    B.    For other general damages in an amount according to proof at trial;

    C.    For other non-economic damages in an amount according to proof at trial;

    D.    For other special damages in an amount according to proof at trial;

    E.    For punitive damages against the individual defendants in an amount to be proven at trial;

    F.    Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    G.    Attorney's fees, treble damages, and costs pursuant to Cal. Civ. Code § 52.1(h)

    H.    For interest;

    I.    For reasonable costs of this suit; and

    J.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: August 4, 2026            **LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Brendan A. Johnson*
       DALE K. GALIPO
       BRENDAN A. JOHNSON
       Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

The Plaintiff named herein hereby demands a trial by jury.

DATED: August 4, 2026                **LAW OFFICES OF DALE K. GALIPO**


By:  _/s/ Brendan A. Johnson_
        DALE K. GALIPO
        BRENDAN A. JOHNSON
        Attorneys for Plaintiff

COMPLAINT FOR DAMAGES