MICHAEL J. VIGLIOTTA, City Attorney (SBN 207630)
ANDREW KORNOFF, Sr. Deputy City Attorney (SBN 283626)
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Tel: (714) 536-5555; Fax: (714) 374-1590
Email: Andrew.Kornoff@surfcity-hb.org

Attorneys for Defendant,
CITY OF HUNTINGTON BEACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO QUEZADA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.: 8:26-cv-02129-FWS (CTSx)<br><br>**DEFENDANT CITY OF HUNTINGTON BEACH'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ANDREW KORNOFF**<br><br>[[Proposed] Order Filed and Served Concurrently herewith]<br><br>DATE: Thurs., December 17, 2026<br>TIME: 10:00 a.m.<br>CTRM: 10D – Santa Ana<br><br>Complaint served: October 2, 2026 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, December 17, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10D of the

above-entitled Court, 411 West Fourth Street, Santa Ana, California 92701, Defendant City of Huntington Beach ("City") will and hereby does move under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing, as to the City: (1) the First, Second, and Third Claims; (2) the Fourth, Fifth, and Sixth Claims (municipal liability); (3) the Seventh, Eighth, and Ninth Claims (battery, negligence, and Civil Code section 52.1); and (4) the claims for punitive and treble damages.

The motion is made on the grounds that 42 U.S.C. § 1983 imposes no vicarious liability on the City; the Complaint pleads no facts showing a City policy, custom, training deficiency, or ratification by a final policymaker; there are no facts showing that any City employee used unreasonable force or acted with the specific intent the Bane Act requires; it identifies no enactment imposing a mandatory duty under Government Code section 815.6; and Government Code section 818 bars punitive and treble damages against the City.

The motion follows the conference of counsel under Local Rule 7-3, which took place on November 6, 2026. This motion is based on this notice, the memorandum of points and authorities, the Declaration of Andrew Kornoff, the Proposed Order, the records and files in this action, and argument at the hearing.

DATED: November 12, 2026 MICHAEL J. VIGLIOTTA, City Attorney

By: */s/ Andrew Kornoff, Esq.*
Andrew Kornoff, Sr. Deputy City Attorney
Attorney for Defendant
CITY OF HUNTINGTON BEACH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. <u>INTRODUCTION</u>

Plaintiff alleges that unidentified Huntington Beach police officers shot him on July 31, 2025, after responding to a call for service at his residence. (Complaint ("Compl.") at ¶¶ 16-17, Dkt. 1.) The Complaint does not say what the call was, what Plaintiff was doing when officers arrived, what commands were given, or which officer did what. It alleges the City is liable due to a single incident, generic lists of alleged policy failures, and legal conclusions.

## II. <u>ARGUMENT</u>

### A. <u>The Complaint Fails to Plead Sufficient Facts</u>

A complaint must contain enough facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The rule applies fully to *Monell* claims, which must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

The Complaint never identifies the officers or what any of them did. (*See* Compl. ¶¶ 17-22, 85, 95-96, 105-108.) The primary allegation that Plaintiff "did not pose an imminent threat of death or serious bodily injury" (*id.* ¶ 18) simply restates the definition in Penal Code section 835a(e)(2), which is a legal conclusion.

### B. <u>Section 1983 Does Not Make the City Liable for Its Officers' Acts.</u>

The First, Second, and Third Claims are pleaded against Does 1-10 only, but the Complaint alleges that the City is responsible for its employees and seeks judgment against it on all claims. (Compl. ¶¶ 6, 13-14; see *Prayer* at ¶¶ 23:2-4) A municipality "cannot be held liable solely because it employs a tortfeasor." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Iqbal*, 556 U.S. at 676.

### C. Plaintiff Fails to State a Valid Monell Claim.

The City is liable under section 1983 only for its own policy or custom. *Monell*, 436 U.S. at 694. Plaintiff must plead facts showing a policy, deliberate indifference, and that the policy was "the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A custom cannot be based on "isolated or sporadic incidents", it requires "practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The Fourth Claim contains twelve subparagraphs of customs, from employing officers with alleged "dangerous propensities" to issuing exonerating public statements, without pleading actual facts. (Compl. ¶¶ 60(a)-(h), 63(a)-(d).) Paragraph 61 refers to "previous incidents" but does not identify any. The Ninth Circuit has affirmed dismissal of *Monell* claims pleaded this way, where the complaint alleged only that city "policies and/or customs caused" the violation, *Dougherty*, 654 F.3d at 900-01, and where "none of the allegations regarding the County's alleged unconstitutional policy, practice, custom, or failure to train its employees provides factual support for Monell liability," *Benavidez v. County of San Diego*, 993 F.3d 1134, 1154-55 (9th Cir. 2021).

### D. Plaintiff Alleges No Pattern or Deficiency in the City's Training.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson,* 563 U.S. 51, 61 (2011). A pattern of similar violations is "ordinarily necessary" to show deliberate indifference. *Id.* at 62 (citation omitted). The Ninth Circuit affirmed the dismissal of a failure to train claim that alleged no such pattern. *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159-60 (9th Cir. 2014). The Fifth Claim fails to allege any pattern or deficiency in training. (Compl. ¶¶ 69-77.)

What the Fifth Claim alleges is not sufficient that "an injury or accident could have been avoided if an officer had had better or more training." *City of Canton v. Harris,* 489 U.S. 378, 391 (1989). Also, the Complaint calls the training "negligent" (Compl. ¶¶ 73-74), though "[m]ere negligence in training or supervision […] does not give rise to a Monell claim." *Dougherty*, 654 F.3d at 900.

**E. No Ratification.**

Ratification requires that "the authorized policymakers approve a subordinate's decision and the basis for it." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion). The policymaker "must have knowledge of the constitutional violation and actually approve of it." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). The Sixth Claim alleges, on information and belief, that unnamed "final policymakers" found the shooting within policy (Compl. ¶¶ 57-58, 81-82), without saying who, when, or on what record. Its only factual allegation is that the officers "were not disciplined" (*id.* ¶ 59), but "a mere failure to discipline […] does not amount to ratification." *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 788 (9th Cir. 2022) (citation omitted). The Fourth Claim is based on the same allegations (Compl. ¶¶ 57-59) and fails for the same reasons.

**F. The State Law Claims Are Conclusory.**

The City is liable only as a statute provides. Cal. Gov't Code § 815(a). The Complaint relies on section 815.2(a), which makes the City liable only if an employee's act would itself give rise to a cause of action. (Compl. ¶¶ 89, 99, 112.) So each state claim depends on facts showing what an officer did, and the Complaint omits every fact that matters to reasonableness, which "must be judged from the perspective of a reasonable officer on the scene." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

**Battery.** "Plaintiff must prove unreasonable force as an element of the tort." *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998). Without facts about the incident, the Seventh Claim fails.

**Negligence.** The Eighth Claim fails in several ways. First, it invokes Government Code section 815.6 (Compl. ¶ 11) without naming any enactment, section 815.6 "requires that the enactment at issue be obligatory, rather than merely discretionary or permissive." *Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 498 (2000). To the extent it is based on training or supervision, "a direct claim against a governmental entity asserting negligent hiring and supervision, when not grounded in the breach of a statutorily imposed duty owed by the entity to the injured party, may not be maintained." *de Villers v. County of San Diego*, 156 Cal. App. 4th 238, 256 (2007). *C.A. v. William S. Hart Union High School District*, 53 Cal. 4th 861, 879 (2012), which allows vicarious liability for supervisors' negligent hiring and supervision, does not help Plaintiff, as it rests on the special relationship between school personnel and the pupils in their charge, *id.* at 869-70, and the Complaint alleges no relationship between any HBPD supervisor and Plaintiff that could give rise to such a duty. (Compl. ¶¶ 92-100.) Third, although pre-shooting tactics can bear on negligence, *Hayes v. County of San Diego*, 57 Cal. 4th 622, 639 (2013), the Complaint identifies no tactical decision, only that officers acted "without any tactical plan." (Compl. ¶ 95.)

**Bane Act.** The Bane Act requires an underlying constitutional violation and a specific intent to violate the plaintiff's rights. *Reese v. County of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018). For excessive force, the officers must have "intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances.'" *Id.* at 1045. The Ninth Claim alleges intent and reckless disregard only as conclusions (Compl. ¶¶ 105, 107-108), with no facts as its basis. The equal protection theory (*id.* ¶109) alleges no protected class or discriminatory purpose, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005), and the "shocks the conscience" theory fails because force used in a seizure is analyzed under the Fourth Amendment, not substantive due process. *Graham*, 490 U.S. at 395.

**G. The City Is Immune from Punitive and Treble Damages.**

A public entity is not liable for "damages imposed primarily for the sake of example and by way of punishing the defendant." Cal. Gov't Code § 818; *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (same under section 1983). The Seventh and Ninth Claims seek exemplary damages from "Defendants" without limitation (Compl. ¶¶ 91, 113-114), and the Ninth Claim seeks treble damages (*id.* ¶ 115; Prayer ¶ G). Whatever the statutory basis for trebling on a Bane Act claim, section 818 bars it against the City because it applies to any damages that are "primarily for the sake of example," not only those that are "simply and solely punitive." *L.A. Unified Sch. Dist. v. Superior Court*, 14 Cal. 5th 758, 767 (2023); *see id.* at 787 (treble damages under Code of Civil Procedure section 340.1 barred against a public entity). These claims should be dismissed as to the City without leave to amend.

**H. Several Claims Should Be Dismissed Without Leave to Amend.**

Leave to amend may be denied where the amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The First, Second, and Third Claims as to the City should be dismissed without leave to amend because section 1983 imposes no vicarious liability; (1) any section 815.6 theory and any direct negligence claim against the City; (2) the Bane Act equal protection and substantive due process theories; and (3) the claims for punitive and treble damages against the City should all be dismissed without leave to amend.

///

///

///

///

///

///

///

## III. CONCLUSION

The Court should grant the motion and dismiss the incurable claims without leave to amend.

DATED: November 12, 2026

MICHAEL J. VIGLIOTTA, City Attorney

By: *Andrew Kornoff, Esq.*
Andrew Kornoff, Sr. Deputy City Attorney
Attorney for Defendant
CITY OF HUNTINGTON BEACH

**DECLARATION OF ANDREW KORNOFF**

I, Andrew Kornoff, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and admitted to practice before this Court, and a Senior Deputy City Attorney with the Office of the City Attorney for the City of Huntington Beach, attorneys of record for Defendant City of Huntington Beach (City). I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. On October 21, 2026 I sent Plaintiff's counsel, Dale K. Galipo and Brendan Johnson, an email identifying each ground of the City's anticipated motion to dismiss and requesting a conference under Local Rule 7-3. I met with Mr. Johnson on November 6, 2026. We could not resolve all issues raised in the Motion, which necessitated its filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2026, at Huntington Beach, California.

ANDREW KORNOFF